# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BAYLOR A. NOLEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 25-00207-KD-B |
| | ) |
| **AMERITRUCKS CENTER LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated October 17, 2025, (Doc. 11) is **ADOPTED** with the following modifications:

The section of the Report and Recommendation beginning with "As a final matter, . . . ." (Doc. 11 at 21), and ending with ". . . results in a gap in the record from which the Court cannot draw any reasonable inferences related to Dr. Foundas with regard to the amount in controversy." (Doc. 11 at 25), is stricken and replaced with:

> The Defendants also re-argue that the amount in controversy is more likely than not in excess of $75,000. However, as previously explained, a removal under § 1446(b)(3) must be premised on receipt from the plaintiff of new written information from which the jurisdictional amount can be ascertained. Re-arguing a consideration of the "facts" of the case or alleging egregious discovery abuses does not meet the statutory requirements.

Accordingly, it is **ORDERED** that Plaintiff Baylor A. Nolen's motion to remand (Doc. 7) is **GRANTED**. This action is **REMANDED** to the Circuit Court of Mobile County, Alabama.

1

The modified recommendation of the Magistrate Judge as set forth below, is adopted as the opinion of this Court.

**DONE** and **ORDERED** this **6th** day of **November 2025**.

>  /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

************

## MODIFIED REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Baylor A. Nolen's motion to remand (Doc. 7). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Plaintiff Nolen's motion to remand be **GRANTED**.

**I.    BACKGROUND**

On May 31, 2024, Plaintiff Baylor A. Nolen ("Nolen") commenced this action by filing a complaint against Defendants Ameritrucks Center LLC ("Ameritrucks"), Americars Transportation, Inc. ("Americars"), and Lansana Mohr ("Mohr") in the Circuit Court of Mobile County, Alabama.[1] (Doc. 1-2). The complaint alleges that Nolen was operating a vehicle traveling westbound on Springhill Avenue in Mobile County, Alabama, when Mohr, operating a commercial

---

[1] Nolen also names fictitious defendants, "a practice which is allowed under the [Alabama] state procedural rules" but "is not generally recognized under the Federal Rules of Civil Procedure." Collins v. Fingerhut Companies, Inc., 117 F. Supp. 2d 1283, 1283 n.1 (S.D. Ala. 2000). When determining whether an action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Because this case is due to be remanded, it is recommended that no action be taken as to the fictitious defendants.

2

vehicle "owned and/or controlled" by Ameritrucks in the "line and scope of his employment" with Ameritrucks and Americars, "failed to yield to the right-of-way and turned in front of oncoming traffic, causing his vehicle to crash with Mr. Nolen's vehicle." (Id. at 2-3). As a result of the accident, Nolen alleges that he suffered

> bodily injuries that required medical treatment; medical, hospital, and doctors bills and charges (past and future); drug and prescription costs (past and future); loss of enjoyment of life (past and future); physical pain and suffering (past and future); loss of income (past and future); mental anguish and emotional anguish and worry (past and future); permanent injury, impairment and disabilities; and general damages.

(Id. at 3-5). Nolen asserts causes of action for driver negligence against Mohr, Ameritrucks, and Americars (first cause of action) and employer/vehicle owner negligence against Ameritrucks and Americars (second cause of action). (Id.). For relief, Nolen requests "compensatory damages in excess of the minimum jurisdictional limits of [the state circuit court], plus interest and costs." (Id. at 4-5).

Nolen completed service of process on Ameritrucks and Americars on June 10, 2024, and Mohr was served on June 15, 2024. (Doc. 1-3 at 72, 77). On June 19, 2024, Ameritrucks and Americars jointly filed an answer to Nolen's complaint in state court and served Nolen with requests for admissions attempting to require Nolen to admit or deny that the amount in controversy in this matter exceeded the $75,000 threshold for federal diversity jurisdiction. (Id. at 82-93, 99-100). On July 19, 2024, Nolen served responses to the requests for admissions that asserted various objections and "denied at this time" that the amount in controversy exceeded $75,000. (Id. at 104).[2]

---

[2] In their June 19, 2024 requests, Ameritrucks and Americars sought the following admissions:

> 1. The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs.

On August 16, 2024, Ameritrucks and Americars removed this action to federal court based on their assertion that Nolen's responses to the requests for admissions were "other paper" under 28 U.S.C. § 1446(b)(3) from which it could be ascertained that the amount in controversy exceeded $75,000 and the case was therefore removable on the basis of diversity jurisdiction. (Id. at 113-20). On September 3, 2024, Nolen filed a motion to remand "on the grounds that Ameritrucks and Americars (a) failed to meet their burden of demonstrating federal removal jurisdiction as they failed to establish that the amount in controversy is greater than $75,000, and (b) failed to obtain timely consent of all named and served Defendants to the removal." Nolen v. Ameritrucks Center,

---

> 2. This case satisfies the "amount in controversy" requirements of 28 USC § 1332.
>
> 3. You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.
>
> 4. You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.
>
> 5. There is evidence which supports an award of damages in this case exceeding $75,000.00 including compensatory and punitive damages.
>
> 6. The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and
> punitive damages.

Nolen v. Ameritrucks Center, LLC, No. 1:24-cv-00290-KD-B (S.D. Ala. 2024), ECF No. 1-3.

Nolen provided the following response to each request:

> Plaintiff objects to this request on the following grounds: (1) the extent and severity of Plaintiff's injuries is not clear at this time; (2) whether and to what extent Plaintiff will require further medical treatment is unclear; (3) no expert medical discovery has been conducted in the case; (4) discovery is in its infancy; and (5) the request improperly invades the province of the jury. Specifically incorporating the aforementioned objections: denied at this time.

Id.

LLC, No. 1:24-cv-00290-KD-B (S.D. Ala. 2024), ECF No. 6. On October 31, 2024, the undersigned entered a report and recommendation recommending that Nolen's motion to remand be granted because Ameritrucks and Americars had not met their burden of establishing that the amount in controversy exceeded the $75,000 threshold for diversity jurisdiction. Id., ECF No. 11. On November 27, 2024, United States District Judge Kristi K. DuBose adopted the report and recommendation, granted Nolen's motion to remand, and remanded this case to the Circuit Court of Mobile County. Id., ECF No. 12.

After this action was remanded to state court, the parties continued to engage in written discovery and conducted party depositions. (See Doc. 1-3 at 143, 148, 153, 158-59, 177-78, 183-84, 192-97; Doc. 1-5; Doc. 1-6).

On or about April 24, 2025, Defendants' counsel sent Nolen's counsel a letter stating:

> Now that we have party depositions completed, I have been instructed by my clients and their liability carrier to extend a settlement offer of $75,100.00 in exchange for a general release of all Defendants in this case. I do need to hear back from you by Wednesday of next week [i.e., April 30, 2025] with your response so that I can make some decisions about discovery issues.
>
> I look forward to your response. Should you have any questions about this offer of settlement, please don't hesitate to call me.

(Doc. 1-4). Nolen's counsel did not respond to defense counsel's letter conveying the $75,100 settlement offer.

On May 16, 2025, Defendants removed the instant action to federal court for a second time on the basis of diversity jurisdiction. (Doc. 1). In the notice of removal, Defendants state that there is complete diversity of citizenship among the parties because Nolen is a citizen of Alabama, Mohr is a citizen of Iowa, and Ameritrucks and Americars are citizens of Illinois. (Id. at 5). Thus, Defendants assert that "the only remaining issue is whether the amount in controversy exceeds $75,000.00." (Id.). With respect to the amount in controversy, Defendants contend that Nolen's

5

failure to respond to their $75,100 settlement offer amounts to "a statement that the amount offered . . . is not enough to meet his claimed damages." (Id. at 9). Defendants posit that the "facts surrounding the accident itself, [Nolen's] intentional refusal to provide supplemental responses to discovery regarding all medical treatment received by [Nolen],[3] and the rejection of the [$75,100] settlement offer" combine to "provide a clear picture of the amount in controversy, despite a specific number never being written by [Nolen]." (Id. at 10). Defendants further assert that their notice of removal is timely under 28 U.S.C. § 1446(b)(3) because it was filed less than thirty days after Nolen failed to respond to their $75,100 settlement offer by the acceptance deadline of April 30, 2025. (Id. at 10-11).

On June 10, 2025, Nolen filed the instant motion to remand this action to state court on the grounds that (1) his non-response to a settlement offer is not "other paper" authorizing a second removal under 28 U.S.C. § 1446(b)(3), and (2) Defendants have failed to establish that the amount in controversy exceeds $75,000. (Doc. 7 at 2). In their response in opposition to Nolen's motion to remand, Defendants argue that Nolen's "implied denial" of the $75,100 settlement offer was a "voluntary act by the plaintiff" that satisfied the "other paper" requirement on which to base a second removal under § 1446(b)(3). (Doc. 9 at 2-4). Defendants further argue that "every facet of this case" supports the argument that the amount in controversy "surely" exceeds $75,000. (Id. at 5). Nolen did not file a reply in support of his motion to remand. Thus, the motion to remand is ripe for resolution.

---

[3] Defendants' notice of removal and response to Nolen's motion to remand include long discussions regarding Nolen's alleged failure to disclose a treating neurologist in his written discovery responses and his counsel's allegedly improper assertion of the psychotherapist-patient privilege with respect to that doctor during Nolen's deposition. (See Doc. 1 at 6-9; Doc. 9 at 7-15). The Court will address these contentions in more detail later in this report and recommendation.

6

## II. LEGAL STANDARDS

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id.

A defendant may remove a case from state court to federal court if the case could have been brought in federal court in the first instance. See 28 U.S.C. § 1441(a). This includes actions in which the federal court has jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity of citizenship between the plaintiff and defendants and an amount in controversy that exceeds $75,000, exclusive of interest and costs. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); 28 U.S.C. § 1332(a).[4]

"A removing party must comply with both substantive and procedural requirements." Owoc v. LoanCare, LLC, 524 F. Supp. 3d 1295, 1300 (S.D. Fla. 2021). "Timeliness is a procedural requirement." Id. "Section 1446(b) has two primary subsections governing the timing for removal: (b)(1) and (b)(3)." Id. Section 1446(b)(1) "involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings." Jones v. Novartis Pharms. Co., 952 F. Supp. 2d 1277, 1281-82 (N.D. Ala. 2013). Section 1446(b)(3), which Defendants rely on to render their removal timely, "deals with civil actions that were not removable, or could not have

---

[4] Defendants' removal is premised on diversity jurisdiction under 28 U.S.C. § 1332(a). There is no dispute that there is complete diversity of citizenship among the parties, but the parties dispute whether Defendants have established that the amount in controversy exceeds the $75,000 jurisdictional threshold.

7

been determined to be removable, until later in the proceeding." Owoc, 524 F. Supp. 3d at 1300. It provides: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Under § 1446(b)(3), "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (quoting 28 U.S.C. 1446(b)).

"In assessing compliance with the procedural requirements for removal under § 1446(b)(3), defendants are limited by the evidence upon which they may rely." Owoc, 524 F. Supp. 3d at 1300. "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." Wilson v. Target Corp., 2010 U.S. Dist. LEXIS 96399, at *5, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (citing Yarnevic v. Brinks's, Inc., 102 F.3d 753, 755 (4th Cir. 1996)). "Courts have included within the term 'other paper' responses to requests for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages." Brito v. Harris, 2022 U.S. Dist. LEXIS 128817, at *2-3, 2022 WL 2835852, at *1 (S.D. Ga. July 20, 2022) (citing Lowery, 483 F.3d at 1212 n.62). However, evidence "generated or compiled by sources other than the plaintiff may not be considered for removal under § 1446(b)(3)." Owoc, 524 F. Supp. 3d at 1300. "A defendant must receive, not generate or compile, a document containing an 'unambiguous statement that clearly

establishes federal jurisdiction' and that the defendant has received . . . from the plaintiff or the court." Id. (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 762 (11th Cir. 2010)).

To decide the triggering date for the thirty-day removal period under § 1446(b)(3), a court "may only look at the pleadings or any post litigation 'other paper' provided from the plaintiff." Id. "Furthermore, the triggering pleading or 'other paper' must provide 'specific and unambiguous notice that the case satisfies federal jurisdictional requirements.'" Id. (citation omitted); see also Wilson, 2010 U.S. Dist. LEXIS 96399, at *5, 2010 WL 3632794, at *2 ("Documents qualifying as 'other paper' trigger the time period for removal when they result from 'a voluntary act of plaintiff' and make it clear that federal jurisdiction exists."). "Thus, the question becomes whether that triggering document, provided by plaintiff, on its face or in combination with an earlier-filed pleading, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and is therefore removable." Owoc, 524 F. Supp. 3d at 1300.

### III. DISCUSSION

Defendants removed this case to federal court for a second time on May 16, 2025, relying on 28 U.S.C. § 1446(b)(3).[5] (Doc. 1). Defendants claim that Nolen's failure to respond to their $75,100 settlement offer by the April 30, 2025 deadline "clarified" that the amount in controversy

---

[5] "A second removal of an action is not *per se* improper." Frederick v. Serv. Experts Heating & Air Conditioning LLC, 114 F. Supp. 3d 1175, 1182 (N.D. Ala. 2015). A defendant whose first attempt to remove fails can file a second removal when subsequent events reveal a new and different ground for removal. Watson v. Carnival Corp., 436 F. App'x 954, 956 (11th Cir. 2011) (per curiam). The "different ground" does not refer to the type of federal jurisdiction, such as diversity jurisdiction, but rather to the pleading or event that made the case removable. Id. Defendants assert that a second removal is proper because Nolen's "reject[ion]" of a settlement offer exceeding the jurisdictional requirement provided a new and different ground for removal. (Doc. 1 at 4-5). Nolen does not argue that Defendants' second notice of removal was improper because it was not based on a new and different ground for removal. (See Doc. 7).

9

exceeded the $75,000 jurisdictional threshold and consequently opened a new thirty-day window for removal under § 1446(b)(3).  (Id. at 10-11).

In his motion to remand,[6] Nolen primarily argues that the failure to respond to an email from defense counsel conveying a settlement offer "does not constitute 'other paper' received from plaintiff" and therefore cannot serve as the basis for removal under § 1446(b)(3).  (Doc. 7 at 6-8). According to Nolen: "Defendants cite zero authority for the proposition that the failure to respond to an email from defense counsel conveying a settlement offer constitutes an 'other paper' authorizing a second removal, nor can they since settled law in this circuit holds that a defendant may not create the 'other paper' upon which it removes."  (Id. at 6).

The notice of removal reflects that defense counsel wrote a letter to Nolen's counsel dated April 23, 2025, which "extend[ed] a settlement offer of $75,100.00 in exchange for a general release of all Defendants in this case."  (Doc. 1-4).  Defense counsel stated: "I do need to hear back from you by Wednesday of next week [i.e., April 30, 2025] with your response so that I can make some decisions about discovery issues."  (Id.).  The letter conveying the $75,100 settlement offer was apparently emailed to Nolen's counsel on or about April 24, 2025.[7]  (See Doc. 1 at 9; Doc. 7 at 6).  Nolen's counsel did not respond to defense counsel's letter.

---

[6] A motion to remand "predicated upon any defect other than lack of subject matter jurisdiction 'must be made within 30 days after the filing of the notice of removal [in *federal* court] under § 1446(a).'"  Brown v. Prudential Ins. Co. of Am., 954 F. Supp. 1582, 1583 (S.D. Ga. 1997) (quoting 28 U.S.C. § 1447(c)).  Nolen's motion to remand was filed less than thirty days after Defendants' notice of removal, making it timely under 28 U.S.C. § 1447(c).

[7] The notice of removal includes a copy of the letter conveying the settlement offer, but it does not provide email correspondence evidencing that the letter was actually *transmitted* to Plaintiff's counsel or *received* by Plaintiff's counsel.  However, Plaintiff's counsel does not appear to dispute that she received the letter on or about April 24, 2025.  (See Doc. 7 at 6).

10

Defendants' apparent position, although not expressly stated as such, is that Nolen's "implied denial" of their $75,100 settlement offer "via a lack of response" should be considered "receipt by the defendant . . . of . . . other paper from which it [could] first be ascertained that the case [was] . . . removable." (See Doc. 1 at 10-11; Doc. 9 at 2-4). However, Defendants cite no authority to support this position,[8] which contravenes the plain language of § 1446(b)(3) and has been repeatedly rejected under similar circumstances.

As noted, 28 U.S.C. § 1446(b)(3) provides that the second removal period is triggered by receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or "other paper" that shows the case is removable. See 28 U.S.C. § 1446(b)(3). "Strict construction of § 1446(b)(3) disfavors overlooking the requirement that the defendant be in 'receipt . . . through service of otherwise, of a copy of an . . . other paper.'" Netzer v. Union Carbide Corp., 2014 U.S. Dist. LEXIS 154594, at *17-18, 2014 WL 5587040, at *3 (D. Md. Oct. 31, 2014); see, e.g., Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (noting that removal statutes are narrowly construed, with all uncertainties resolved in favor of remand).

In this case, there was no triggering paper that was served on or received by Defendants. Instead, Defendants' counsel wrote Plaintiff's counsel a letter conveying a $75,100 settlement offer, to which Nolen's counsel did not respond. The Court has not found, and Defendants have

---

[8] The authorities cited by Defendants are plainly inapposite to the circumstances presented in this case. For example, Dominguez v. Peek, 2010 U.S. Dist. LEXIS 38097, at *13, 2010 WL 1658550, at *4 (S.D. Ala. Apr. 16, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 43891, 2010 WL 1851617 (S.D. Ala. May 5, 2010), involved a written $1.5 million settlement demand *sent by plaintiff's counsel*, whereas the instant case involves a written settlement offer sent by Defendants' counsel to which Nolen's counsel did not respond. Similarly, in Jennings v. Powermatic, 2014 U.S. Dist. LEXIS 66881, at *8, 2014 WL 2003116, at *3 (M.D. Fla. May 15, 2014), *the plaintiff served a response to a request for admissions* that admitted a sufficient amount of non-economic damages to unambiguously establish that the amount in controversy exceeded $75,000, whereas Defendants received no such pleading or document from Nolen in this case.

11

not cited, any authority suggesting that a plaintiff's silence or inaction transforms a one-sided correspondence from defendants' counsel into "other paper" that makes an action removable. See, e.g., Russell v. Home State Cnty. Mut. Ins. Co., 244 F. Supp. 2d 669, 672 (E.D. La. 2003) ("This Court could not find, and Defendant Home State failed to cite, any case in this Circuit where a Plaintiff's silence, inaction, or non-response converts a Defendant's unilateral correspondence into 'other paper,' thereby starting the time period for removal."); Netzer, 2014 U.S. Dist. LEXIS 154594, at *16, 2014 WL 5587040, at *3 ("Although the 'other paper' requirement is broadly construed, the Court has been unable to locate any authority for the proposition that 'no paper'-here, mere passage of a deadline-is sufficient to ascertain that removal was proper.") (internal citation omitted); Veach v. Kroger Texas, L.P., 2021 U.S. Dist. LEXIS 81948, at *15, 2021 WL 1688452, at *5 (N.D. Tex. Apr. 29, 2021) ("[T]he court could not find, and Kroger has not cited, any case from the Fifth Circuit that a party's silence or inaction transforms a one-sided correspondence into 'other paper' that now supports federal jurisdiction and makes the action removable.").

Rather, the undersigned agrees with the courts that have been faithful to the plain text of § 1446(b)(3) and held that such inaction by a plaintiff in response to an offer, request, or correspondence by defendants does not amount to a defendant's receipt of "other paper" that can trigger the removal period.[9] See Agbahwe v. Target Corp., 2022 U.S. Dist. LEXIS 192440, at *6, 2022 WL 13685448, at *2 (E.D.N.Y. Oct. 21, 2022) ("'Strictly construed (as it must be), section

---

[9] Defendants' unilateral act of sending the letter conveying the $75,100 settlement offer was not the receipt of "other paper" that triggered the removal period under § 1446(b)(3) because it did not involve a voluntary act by Nolen. See Pretka, 608 F.3d at 761 ("The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. Thus, a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant.").

12

1446(b)(3)'s receipt requirement may not be satisfied by a plaintiff's silence in response to' a settlement release. The dissolution of settlement negotiations . . . is neither a 'pleading' nor 'other paper' capable of triggering the thirty-day filing period set forth in § 1446(b).") (internal citation omitted); Fayet v. Target Corp., 2021 U.S. Dist. LEXIS 32522, at *7, 2021 WL 706332, at *3 (S.D.N.Y. Feb. 22, 2021) ("Strictly construed (as it must be), section 1446(b)(3)'s receipt requirement may not be satisfied by a plaintiff's silence in response to a letter proposing to 'cap' damages at $75,000."); Melerine v. Midwest Express, Inc., 2017 U.S. Dist. LEXIS 55786, at *9-10, 2017 WL 1338270, at *3 (E.D. La. Apr. 12, 2017) ("[P]laintiffs' failure to respond [to defendants' requests to stipulate that their damages do not exceed $75,000] does not constitute defendants' *receiving* 'other paper', and '[t]he mere failure to respond to a request for stipulation cannot be used as a basis for removal.'") (emphasis in original) (citation omitted); Russell, 244 F. Supp. 2d at 672 ("Plaintiff's failure to act or respond cannot have the effect of transforming defense counsel's letter [asking plaintiff to stipulate that her damages did not exceed $75,000] into 'other paper.'"); Veach, 2021 U.S. Dist. LEXIS 81948, at *15, 2021 WL 1688452, at *5 (noting that "other paper" must result from the voluntary act of a plaintiff, and determining that an unanswered letter from defendant's counsel seeking a stipulation that plaintiff was not seeking damages in excess of $75,000 did not constitute a voluntary act of the plaintiff); Humphries v. Anderson Trucking Serv., Inc., 2010 U.S. Dist. LEXIS 70814, at *15-17, 2010 WL 2898317, at *4–5 (S.D. Ala. June 29, 2010) (rejecting defendants' argument that the expiration of time for plaintiff to respond to $78,500 offer of judgment constituted "other paper" which was "from the plaintiff" and triggered removability), report and recommendation adopted, 2010 U.S. Dist. LEXIS 70832, 2010 WL 2884863 (S.D. Ala. July 14, 2010); Burrowes v. Swift Transp. Co., 2010 U.S. Dist. LEXIS 74898, at *20-24, 2010 WL 2976102, at *6–7 (S.D. Ala. June 29, 2010) (recognizing that offer of

13

judgment "and its rejection by silence does not constitute 'other paper . . . received from the plaintiff," and rejecting defendants' arguments that there was no distinction between whether plaintiffs rejected the offer of judgment in writing or whether it was rejected by operation of law), report and recommendation adopted, 2010 U.S. Dist. LEXIS 74871, 2010 WL 2978408 (S.D. Ala. July 23, 2010); Hardy v. Ford Motor Co., 2010 U.S. Dist. LEXIS 157467, at *20, 2010 WL 11561590, at *8 (N.D. Ala. Apr. 28, 2010) ("[T]he plaintiff's failure to respond to the offer of judgment cannot be regarded as an 'amended pleading, motion, order, or other paper from which it may first be ascertained that the case' is removable under the second paragraph of § 1446(b). Plaintiff produced nothing, no paper that can be said to trigger § 1446(b). To follow defendant's logic would allow a defendant to control the timing of removal by simply choosing when to extend an offer of judgment. A defendant could elect to do so at any time within the first year of the lawsuit, and then remove the case when the plaintiff does not respond. That is not how § 1446(b) works.").

As noted previously, a case becomes removable under § 1446(b)(3) when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) "the defendant must have received from the plaintiff (or from the court, if the document is an order)," and from which (3) "the defendant can 'first ascertain' that federal jurisdiction exists." Lowery, 483 F.3d at 1213 n.63. None of these requirements are satisfied in this case. Nolen's failure to respond to the $75,100 settlement offer "does not satisfy the first requirement because plaintiff's failure to do anything is not 'an amended pleading, motion, order or other paper.'" Enterline v. Sears, Roebuck & Co., 2008 U.S. Dist. LEXIS 31060, at *8, 2008 WL 1766911, at *3 (M.D. Fla.

Apr. 15, 2008).[10]  "Similarly, the second requirement is not satisfied because [Nolen's] non-action is not something received by defendant from plaintiff."  Id.  "Finally, the third element is not satisfied because [Nolen's] non-action does not allow [Defendants] to ascertain that federal jurisdiction exists."  Id.  Nolen's mere lack of response to defense counsel's letter conveying a settlement offer does not, by itself or in combination with any other evidence cited by Defendants, establish by a preponderance of the evidence that the jurisdictional threshold has been met, much less provide "an unambiguous statement that clearly establishes federal jurisdiction."  See Lowery, 483 F.3d at 1213 n.63.  Indeed, there could be several reasons why Nolen's counsel did not respond to Defendants' counsel's letter within the brief six-day period provided,[11] not all of which would amount to an acknowledgement by Nolen establishing that the amount in controversy exceeded the amount offered.  See Humphries, 2010 U.S. Dist. LEXIS 70814, at *16, 2010 WL 2898317, at *5 ("Any assumption that the 10–day period [to accept Defendants' offer of judgment] lapsed *solely* because the plaintiff rejects the notion that her claim is worth less than $75,000.00 is pure

---

[10] The Court notes that a "verbal statement is not an 'other paper' within the meaning of § 1446(b)(3), and therefore, a defendant may not rely on any verbal statements to trigger the statute's removal clock."  Owoc, 524 F. Supp. 3d at 1301-02 (declining to consider any alleged verbal statements between counsel for the parties); see also Williams v. Litton Loan Servicing, LP, 2011 WL 521624, at *5 (M.D. Ala. Feb. 15, 2011) ("Mr. Williams's oral settlement demand and the voicemail fail the 'other paper' requirement of § 1446(b), because they are plainly not written documents created by the plaintiff.  Nor do these oral communications fit in the limited exceptions that satisfy the 'other paper' requirement as recognized by the Eleventh Circuit and other courts.  Limited exceptions from the 'other paper' writing requirement have been recognized for deposition testimony and statements made in open court.").  It therefore seems to follow that a party's silence or
inaction in response to correspondence from opposing counsel likewise does not qualify as "other paper" under § 1446(b)(3) because it is not a written communication created by the plaintiff and does not meet the limited exceptions to the "other paper" requirement.

[11] "For instance, inattention comes to mind, [which] could in no way be deemed to equate with a statement by the plaintiff establishing that the amount in controversy exceeded the range of possible values which defendant offered."  See Humphries, 2010 U.S. Dist. LEXIS 70814, at *15-16 n.7, 2010 WL 2898317, at *5 n.7.

15

speculation.") (emphasis in original); Burrowes, 2010 U.S. Dist. LEXIS 74898, at *23, 2010 WL 2976102, at *7 (same); Rola v. Wal-Mart Stores, Inc., 2011 U.S. Dist. LEXIS 81515, at *24-25, 2011 WL 3156672, at *9 (M.D. Fla. June 29, 2011) ("The Court is not persuaded that a failure to accept an offer conclusively establishes that the offer was too low. . . . Indeed, for some litigants, having their day in court is an important intangible interest that is consistent with denying an offer of settlement, regardless of the amount."), report and recommendation adopted, 2011 U.S. Dist. LEXIS 81514, 2011 WL 3111965 (M.D. Fla. July 26, 2011); Agbahwe, 2022 U.S. Dist. LEXIS 192440, at *4-5, 2022 WL 13685448, at *2 ("Defendant asserts that sending a settlement release to Plaintiff in the amount of $90,000, following oral settlement negotiations, [which Plaintiff never returned,] satisfies the amount in controversy requirement, but this assertion does not pass muster. Importantly, it is not clear from the settlement release whether this amount includes interest and costs, both of which must be excluded in calculating the jurisdictional threshold amount.") (internal record citation omitted).  Thus, Nolen's lack of response to Defendants' letter conveying a general $75,100 settlement offer was not "receipt by the defendant" of "other paper" from which it could "first be ascertained" that the case was removable, and it therefore did not open a new thirty-day removal window under 28 U.S.C. § 1446(b)(3).  Therefore, the Court finds that Defendants' most recent removal under § 1446(b)(3) was procedurally improper.

   The Defendants also re-argue that the amount in controversy is more likely than not in excess of $75,000. However, as previously explained, a removal under § 1446(b)(3) must be premised on receipt from the plaintiff of new written information from which the jurisdictional amount can be ascertained. Re-arguing a consideration of the "facts" of the case or alleging egregious discovery abuses does not meet the statutory requirements.

Lastly, to the extent Defendants' notice of removal can be read to rely on Nolen's deposition transcript as "other paper" supporting a removal under § 1446(b)(3), such reliance is misplaced. Nolen's deposition testimony about Dr. Foundas did not trigger Defendants' right to remove this case under § 1446(b)(3) because Defendants could not have "first ascertained" that the amount in controversy exceeded $75,000 based on the mere fact that Plaintiff presented to Dr. Foundas for evaluation or treatment on one occasion in 2024.

Accordingly, Defendants' second removal of this action was procedurally improper, and Nolen's motion to remand is due to be granted.

### IV. CONCLUSION

For the reasons stated above, it is recommended that Plaintiff Baylor A. Nolen's motion to remand (Doc. 7) be **GRANTED**, and that this action be **REMANDED** to the Circuit Court of Mobile County, Alabama.